IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| A. MICHAEL BIANCHI, Assignee, | ) | CASE NO. 8:26CV158 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MOTION TO SET ASIDE |
| | ) | FORFEITURE UNDER 18 U.S.C. § 983(e) |
| U.S. IMMIGRATION AND | ) | |
| CUSTOMS ENFORCEMENT, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the Plaintiff, A. Michael Bianchi, assignee, and hereby moves this Honorable Court to set aside the administrative forfeiture of the property described below pursuant to 18 U.S.C. § 983(e). Plaintiff seeks relief under 18 U.S.C. § 983(e). In support of this motion, Plaintiff states and alleges as follows:

1.     On or about the 4th day of September, 2020 in the vicinity of York County, Nebraska, U.S. Immigration and Customs Enforcement (hereinafter "seizing agency") seized the following property: U.S. funds in the amount of $6,600.00 under FPF Case Number 2020350700001601 (hereinafter "the property").

2.     The property was seized for a nonjudicial civil forfeiture proceeding under a civil forfeiture statute.

3.     Plaintiff has a legal interest in the seized property because the rightful owner of the property ("Dontay Prince") has hereby assigned and released the claim to Plaintiff by written agreement.

4.     Under 18 U.S.C. § 983(a)(1)(A)(i), the Government was required to send a written notice of seizure to interested parties no more than sixty (60) days after the date of seizure.

5.    Dontay Prince received apparent notice in this regard, but the same was not affixed with a date. As a result, Plaintiff did not know the deadline within which to file a timely claim. A copy of the notice received by Plaintiff is attached hereto as "Exhibit 101".

6.    Plaintiff submitted a claim on behalf of Dontay Prince on November 23, 2020. A copy of the claim letter is attached hereto as "Exhibit 102".

7.    Sometime in March, 2021, Plaintiff received a letter from an agent of the seizing agency indicating that the claim was untimely and the funds would be subjected to administrative forfeiture. Said letter sent to Plaintiff contained an incorrect address for Plaintiff's address. A copy of the letter is attached hereto as "Exhibit 103". It was not until later correspondence with the seizing agency that the Plaintiff was advised that the Government had a received date of the seizure notice of October 3, 2020 by Dontay Prince. The seizing agency advised Plaintiff that the claim must have been filed by November 7, 2020 for full consideration. Moreover, the seizing agency advised Plaintiff that an Offer in Compromise was due May 11, 2021.

8.    Plaintiff submitted a letter to the seizing agency on or about April 15, 2021 containing an Offer in Compromise. A copy of the Offer in Compromise is attached hereto as "Exhibit 104". Neither Plaintiff nor Dontay Prince received any response to the letter, and the seizing agency alleges they have no record of the same.

9.    This motion is filed within the statutory time limits outlined in 18 U.S.C. § 983(e)(3), which is not later than five (5) years after the date of final publication of notice of seizure of the property.

10.    On March 12, 2021, the United States Government published its legal notice – Notice of Seizure and Intent to Forfeit – with respect to the aforementioned property. That notice had an end publication date of April 11, 2021 and indicated that Dontay Prince had until May 11,

2021 to file a claim. A copy of the Notice of Seizure and Intent to Forfeit is attached hereto as "Exhibit 105".

11.    On August 2, 2021, a Declaration of Forfeiture was issued  by the U.S. Immigration and Customs Enforcement declaring the property forfeited to the United States.

12.    This motion is filed not later than five (5) years after the date of final publication of notice of seizure of the property.

WHEREFORE, Plaintiff requests that this Honorable Court grants the Motion to Set Aside Forfeiture under 18 U.S.C. § 983(e) as to the interest of Plaintiff without prejudice to the right of the Government to commence a subsequent judicial forfeiture proceeding as to the interest of the Plaintiff and provide any other relief the Court deems just and proper; and pursuant to 18 U.S.C. § 983(e)(4), if the forfeited property has been disposed of by the Government in accordance with law, the Government may institute proceedings against a substitute sum of money equal to the value of the moving party's interest in the property at the time the property was disposed of.

Respectfully submitted,

A.  MICHAEL BIANCHI, Assignee

/s/ *A. Michael Bianchi*

2712 South 87th Avenue
Omaha, Nebraska 68124
(402) 346-6700
mike@bianchidefends.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 10, 2026, I served the foregoing Motion to Set Aside Forfeiture under 18 U.S.C. § 983(e) upon the following parties by mailing a copy thereof via certified mail, return receipt requested, to:

Todd M. Lyons
U.S. Immigration and Customs Enforcement
500 12th St., SW
Washington, D.C. 20024

Jonathan P. Gauster
U.S. Customs and Border Protection
FPF Office
5600 American Blvd W #760
Bloomington, MN 55437

Additionally, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered participants.

/s/ *A. Michael Bianchi*

A. MICHAEL BIANCHI
2712 South 87th Avenue
Omaha, Nebraska 68124
(402) 346-6700
mike@bianchidefends.com